NOT DESIGNATED FOR PUBLICATION

Nos. 117,246
117,247
117,248
117,249
117,250

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW GULICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed September 22, 2017. Affirmed in part, vacated in part, and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

MALONE, J.: Matthew A. Gulick appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Gulick's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed no response.

On December 11, 2014, Gulick pled guilty and was convicted of numerous crimes in five separate cases in Reno County District Court. On January 30, 2015, the district court sentenced Gulick to 38 months' imprisonment in 14CR125; 17 months'

1

imprisonment in 14CR126; 17 months' imprisonment in 14CR128; 83 months' imprisonment in 14CR266; and 31 months' imprisonment in 14CR857. The district court ordered the sentences in 14CR266 and 14CR857 to run consecutive, for a controlling sentence in all five cases of 114 months' imprisonment. Finally, the district court placed Gulick on probation with community corrections for 36 months.

At a hearing on December 15, 2016, Gulick stipulated to violating his probation by failing to report to his supervisor as directed, testing positive for drugs, and failing to attend a cognitive-based intervention class. After hearing testimony presented by the State, the district court found that Gulick was in possession of a handgun when he was arrested on November 22, 2016, which would be "the commission of a new offense by being a felon in possession of a firearm." The district court also found that the safety of the members of the public would be jeopardized unless Gulick was incarcerated. The judge revoked Gulick's probation and stated:  "I will run the cases concurrent for a controlling term of 87 months in the custody of the Secretary of Corrections." Gulick timely appealed from that order. The cases have been consolidated on appeal.

On appeal, Gulick claims that the district court "erred in revoking [his] probation because further sanctions remained an option." He acknowledges that when the district court finds that the defendant has committed a new offense while on probation, the court may revoke probation and impose the sentence without considering other sanctions.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing

2

such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. Pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015).

As Gulick acknowledges, the district court was not required to impose an intermediate sanction in this instance based on the district court's finding that Gulick committed a new offense while he was on probation. Moreover, the district court also specifically found that the safety of the members of the public would be jeopardized unless the district court revoked Gulick's probation and ordered him to serve a prison sentence. In making this finding, the district court briefly reviewed Gulick's criminal history, which included crimes of violence, and noted that a new case was being filed against Gulick that involved the use of a handgun. Gulick does not challenge the sufficiency of the district court's findings on appeal.

3

Based on the district court's public safety finding and the finding that Gulick committed a new offense while he was on probation, the district court was not required to impose an intermediate sanction in this instance. The district court's decision to revoke Gulick's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Gulick's probation and ordering him to serve a modified prison sentence.

However, in reviewing the record on appeal, we have found an error in the calculation of Gulick's controlling sentence. When the district court revoked Gulick's probation, it modified the sentence by ordering that the sentences in all five cases run concurrent "for a controlling term of 87 months." But by ordering the sentences in all five cases to run concurrent, the correct controlling sentence should have been 83 months' imprisonment. The journal entry of the probation violation hearing in 14CR266 states the district court imposed a modified sentence in that case of 87 months' imprisonment even though the original sentence in that case was 83 months' imprisonment. We consider this to be an error in the record arising from oversight or omission that may be corrected by the court at any time pursuant to K.S.A. 22-3504(2). Accordingly, we vacate Gulick's controlling sentence of 87 months' imprisonment and remand with directions to correct the journal entries to reflect that Gulick's sentences in all five cases shall run concurrent for a modified controlling sentence of 83 months' imprisonment.

Affirmed in part, vacated in part, and remanded with directions.